LIN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| QUINCY BIOSCIENCE, LLC,<br><br>　　Plaintiff,<br><br>v.<br><br>LAST CALL ENTERTAINMENT,<br>ANTHONY COSTANZO, THACH LE<br>PHARMACENTRAL, VINNIE'S<br>VALUABLES, and AMZHealth,<br><br>　　Defendants. | Case No.  3:18-cv-00875<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR TRADEMARK INFRINGEMENT AND RELATED CLAIMS

This is a civil action by Plaintiff Quincy Bioscience, LLC ("Quincy") against Defendants Last Call Entertainment, Anthony Costanzo, Thach Le, Pharmacentral, Vinnie's Valuables, and AMZHealth (collectively "Defendants") for damages and injunctive relief arising out of Defendants' misappropriation and use of Plaintiff's PREVAGEN® trademark and Defendants' unjust enrichment. As set forth below, the Defendants' unlawful acts constitute trademark infringement, false advertising and unfair competition in violation of the Lanham Act, as well as tortious interference with contract and unjust enrichment under the common law of the State of Wisconsin.

## PARTIES

1.　Plaintiff Quincy Bioscience, LLC ("Quincy") is a Wisconsin limited liability corporation with an address at 726 Heartland Trail, Suite 300, Madison, Wisconsin, 53717.

2.　Defendant Last Call Entertainment is, upon information and belief, a fictitious name for a business owned by Defendant Anthony Costanzo. Defendant Last Call Entertainment operates, or

1

has operated, a store located at 603 Lincoln Ave., Bellevue, Pennsylvania 15202, and at 1506 E. Carson St., Pittsburgh, Pennsylvania 15203-1702.

3. Defendant Anthony Costanzo is a resident of the Commonwealth of Pennsylvania residing in Pittsburgh, Pennsylvania.

4. Defendant Thach Le is a resident of the Commonwealth of Pennsylvania residing in Venetia, Pennsylvania. Upon information and belief, Defendant Thach Le conducts or has conducted business at 603 Lincoln Ave., Bellevue, Pennsylvania 15202-3405.

5. Defendant Pharmacentral is or was a seller of goods on the internet website Amazon.com, and uses the Amazon.com Seller ID "Pharmacentral" to commit the infringing and unlawful actions stated in this Complaint. Upon information and belief, the principal place of business of Defendant Pharmacentral is or was 603 Lincoln Ave., Bellevue, Pennsylvania 15202.

6. Defendant Vinnie's Valuables is or was a seller of goods on Amazon.com, and uses the Amazon.com Seller ID "Vinnie's Valuables" to commit the infringing and unlawful actions stated in this Complaint. Upon information and belief, the principal place of business of Defendant Vinnie's Valuables is or was 603 Lincoln Ave., Bellevue, Pennsylvania 15202.

7. "Pharmacentral" and "Vinnie's Valuables" are different names for the same Amazon.com third party seller, whom upon information and belief, at other times operated under other Amazon.com Seller ID names, including "Fast Track Traders" and "Consumer Central Goods."

8. Defendants Last Call Entertainment, Anthony Costanzo, Thach Le, Pharmacentral and Vinnie's Valuables may be collectively referred to below as the "L.C.E. Defendants." Upon information and belief, Defendants Anthony Costanzo and Thach Le individually, and collectively with all other Defendants, operate or have operated the L.C.E. Defendants, to the personal benefit and revenues to Defendants Costanzo and Le.

9. Upon information and belief, there is common or overlapping ownership of, control of, and/or management of, the L.C.E. Defendants by Defendants Costanzo and Le.

10. Defendant AMZHealth is or was a seller of goods on Amazon.com, and uses the Amazon.com Seller ID "AMZHealth" to commit the infringing and unlawful actions stated in this Complaint. Upon information and belief, the principal place of business of Defendant AMZHealth resides and conducts business at the same Venetia, Pennsylvania address of Defendant Thach Le, and has also conducted business through United States Post Office Box 104, Bethel Park, PA 15102 (street address 2765 S. Park Rd. #104, Bethel Park, PA 15102).

11. With respect to their unlawful acquisition and reselling of PREVAGEN® products, Defendants AMZHealth and Le are collectively referred to below as the "AMZH Defendants."

## JURISDICTION AND VENUE

12. This Court has jurisdiction over the federal trademark, false advertising and unfair competition claims asserted in this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121.

13. This Court has supplemental jurisdiction over the claims in this Complaint which arise under the common law of the State of Wisconsin pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

14. Upon information and belief, the Defendants have engaged in continuous and systematic business contacts with the State of Wisconsin and customers therein via, among other activities, unlawful and unauthorized internet sales activities directed to Wisconsin. Consequently, the Defendants are subject to this Court's jurisdiction because they regularly conduct business in this

District, have committed the acts complained of herein in this District, and their acts have caused harm in this District.

15. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to the claims set forth in this Complaint occurred in this District, causing damages to Plaintiff in this District.

16. Personal jurisdiction exists over the Defendants because Defendants conduct business in Wisconsin and in this judicial district, are aware of Quincy's domicile in this judicial district, have purposefully directed action to Wisconsin and this district, or have otherwise availed themselves of the privileges and protections of the laws of the State of Wisconsin, such that this Court's assertion of jurisdiction over the Defendants does not offend traditional notions of fair play and due process.

## FACTUAL BACKGROUND

### *Plaintiff Quincy's PREVAGEN® Products*

17. This civil action arises out of the Defendants' unlawful acquisition of Quincy's PREVAGEN® brand products and infringement of their PREVAGEN® trademark.

18. Quincy is a research-based biotechnology company which develops, markets and sells dietary supplements used for, *inter alia*, the support of cognitive function. Since at least as early as 2007, Quincy has used the trademark PREVAGEN® in commerce in connection to dietary supplements.

19. Quincy's high-quality dietary supplements, including its PREVAGEN® line of dietary supplements, are widely available for retail purchase in brick and mortar stores throughout the United States.  Quincy's PREVAGEN® supplements are also widely marketed and distributed by way of Internet sales from Quincy's authorized sellers.

20. Quincy owns all rights to U.S. Trademark Registration No. 3,349,744 for the PREVAGEN® mark, which is used in connection with "dietary supplements" in International Class 005 and United States Classes 006, 018, 044, 046, 051, and 052. The PREVAGEN® mark was registered on December 4, 2007.

21. By virtue of Quincy's long and continuous use of its mark, the foregoing trademark registration is now legally incontestable pursuant to 15 U.S.C § 1065. A copy of U.S. Trademark Registration No. 3,349,744 is attached hereto as Exhibit A.

22. Quincy's PREVAGEN® product is sold packaged in a single facing box (i.e., "outer box packaging"), which contains a bottle of dietary supplements sealed with a plastic safety overwrap, as well as a product information sheet discussing frequently asked questions. Both the box and the sheet contain valuable information regarding the product which is not present on the bottle label, including information on the use of the product, answers to frequently asked questions about the product, and a toll-free customer service number for contacting Quincy.

23. Quincy and its authorized sellers have incurred significant losses resulting from the retail theft of PREVAGEN® products. Quincy shares some of the direct losses from such theft, and has been further damaged by diminished sales of its products caused by the price increases incurred as a result of said retail theft.

24. Quincy's authorized sellers are contractually prohibited from selling to wholesalers, online resellers, and similar non-retail sellers.

25. Quincy offers an extended-length money-back guarantee to purchasers of genuine PREVAGEN® products from Quincy's authorized sellers, which does not extend to purchases from unauthorized sellers of PREVAGEN® products.

26. Quincy has established and maintains quality control programs with respect to the research, design, manufacturing, distribution and sale of its PREVAGEN® product, including the capability to track the location of products through its distribution line, and a test-purchase program to identify unauthorized sellers on various Internet sites such as Amazon.com, and curtail the unlawful and potentially dangerous sale of unknown items bearing its PREVAGEN® trademark by such unauthorized sellers.

### *Defendants' Wrongful and Infringing Conduct*

27. Defendants sell dietary supplements identified as PREVAGEN® with accompanying pictures of bottles of Plaintiff's PREVAGEN® products.

28. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long before Defendants' first use thereof.

29. Defendants are not authorized sellers of PREVAGEN® products.

30. Between 2016 and 2017, Quincy made test-purchase orders of PREVAGEN® products sold by Defendant Pharmacentral via the Amazon Seller ID "Pharmacentral," and by Defendant Vinnie's Valuables via the Amazon Seller ID "Vinnie's Valuables."

31. Using tracking information contained in the packaging of the products received in the test orders, the products were traced to having been previously sold to various national chain retail outlets that were part of Quincy's authorized distribution line.

32. At least some of the products sold by the Defendants Pharmacentral and Vinnie's Valuables were missing the outer packaging, product inserts, or documents that should have accompanied the products.

33. Defendants Pharmacentral and Vinnie's Valuables stated the return address on their customer shipping labels as 603 Lincoln Ave., Bellevue, Pennsylvania 15202-3405.

34. In order to prevent Quincy from examining the products, the L.C.E. Defendants cancelled some of Quincy's attempted test purchases upon learning that the purchases were made by Quincy.

35. Upon information and belief, the L.C.E. Defendants sought to acquire, and acquired, PREVAGEN® products from Quincy's authorized sellers or employees of authorized sellers.

36. Upon information and belief, the L.C.E. Defendants had known that Quincy's authorized sellers were contractually prohibited from selling PREVAGEN® products to them for resale.

37. Upon information and belief, the L.C.E. Defendants willfully and knowingly induced one or more of Quincy's authorized sellers to breach their contractual agreement with Quincy so that the L.C.E. Defendants could acquire and resell PREVAGEN® products.

38. Customers who phoned Defendant Last Call Entertainment's Bellevue location attempting to reach Vinnie's Valuables were told that Last Call Entertainment was also Vinnie's Valuables.

39. In 2016 and 2017, Quincy filed complaints of trademark infringement against the Defendants Pharmacentral and Vinnie's Valuables through Amazon.com's Seller Central and Brand Registry reporting programs. Upon information and belief, Defendants Pharmacentral and Vinnie's Valuables received these complaints.

40. Upon information and belief, Defendants Pharmacentral and Vinnie's Valuables provided false information to Amazon.com in order to have their unauthorized listings of Quincy's PREVAGEN® products remain listed for sale.

41. On April 19, 2017, Quincy sent a cease & desist letter to Defendant Pharmacentral, putting the L.C.E. Defendants on notice of Quincy's incontestable trademark registration; demanding the cease and desist of all sales of PREVAGEN® products.

42. Upon information and belief, at some time during 2018, Defendant Le established a separate Amazon seller storefront using the Amazon Seller ID "AMZHealth."

43.     Upon information and belief, the AMZH Defendants sought to acquire, and acquired, PREVAGEN® products from Quincy's authorized sellers or employees of authorized sellers.

44.     Upon information and belief, the AMZH Defendants willfully and knowingly induced one or more of Quincy's authorized sellers to breach their contractual agreement with Quincy so that the AMZH Defendants could acquire and resell PREVAGEN® products.

45.     Upon information and belief, through the knowledge of Defendant Le and his past efforts with respect to the L.C.E. Defendants, the AMZH Defendants had known that Quincy's authorized sellers were contractually prohibited from selling PREVAGEN® products to them for resale.

46.     Upon information and belief, the AMZH Defendants purposefully rejected a cease and desist letter sent on behalf of Plaintiff to AMZ Defendants' Bethel Park post office box for the purposes of avoiding any notifications regarding the actions described in this Complaint, concealing their identity, and avoiding service of process.

47.     Hereinafter, unless otherwise specified, "Defendants" refers to all named Defendants in this civil action.

48.     Any PREVAGEN® products sold by Defendants are not covered by Plaintiff's warranty.

49.     Upon information and belief, Defendants have sold dietary supplements identified as Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products in altered or damaged packaging, which lack one or more of the outer box packaging and the product information sheets found in or accompanying PREVAGEN® products sold by authorized sellers.

50.     Upon information and belief, Defendants have sold dietary supplements identified as Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products without the appropriate purchase codes or other markings that identify the appropriately authorized retail seller

of the products, and sold PREVAGEN® Regular Strength product and other PREVAGEN® products in poor condition.

51. Upon information and belief, Defendants have sold Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products without Radio Frequency Identification ("RFID") tags and security tags originally included in the product packaging.

52. The missing outer box packaging, money-back guarantee, purchase codes, product information sheets, RFID tags and security tags, and sale of products in poor condition represent a material difference between Plaintiff's PREVAGEN® products and Defendants' products.

53. Defendants had knowledge of Quincy's prior use and registration of the PREVAGEN® trademark, and acted willfully and with intent to deceive consumers in its adoption and use of the PREVAGEN® mark.

54. Upon information and belief, Defendants have sold, without authorization from Plaintiff, Plaintiff's PREVAGEN® Regular Strength product and other PREVAGEN® products originally sold in retail pharmacy stores.

55. Upon information and belief, Defendants acquired its PREVAGEN® product inventory with the actual or constructive knowledge that some of the inventory had been stolen from Quincy's distribution chain or authorized brick-and-mortar retailers of Quincy's PREVAGEN® products.

56. On June 29, 2016 special agents from the Federal Bureau of Investigation (FBI), Internal Revenue Service (IRS) – Criminal Investigation Division, and the U.S. Postal Inspection Service executed a federal search warrant of Defendant Last Call Entertainment's store located at the 603 Lincoln Ave., Bellevue, Pennsylvania address.

57. Upon information and belief, Defendants purchased its supply of PREVAGEN® at prices below fair market value.

58. Upon information and belief, Defendants recognized and understood that the prices for which they purchased their supply of PREVAGEN® were below fair market value.

59. Upon information and belief, Defendants have actual or constructive knowledge that at least some of the PREVAGEN® products that they have purchased and resold were at one time stolen from Quincy's distribution chain and/or authorized brick-and-mortar retailers of Quincy's PREVAGEN® products, as a result of the prices Defendants paid for the products, the physical condition of the products, and Defendants' personal experience and knowledge with respect to online and other sales.

60. Upon information and belief, Defendants' purchases of previously stolen PREVAGEN® products enable Defendants to sell PREVAGEN® product at a lower price than Plaintiff's authorized sellers sell PREVAGEN® product, providing a competitive advantage to Defendants, and diverting sales from Plaintiff and Plaintiff's authorized sellers.

61. Upon information and belief, Defendants' purchases of products from Quincy's authorized sellers or employees of Quincy's authorized sellers enabled Defendants to sell PREVAGEN® product for less money than one or more of Quincy's authorized sellers, providing a competitive advantage to Defendants vis-à-vis such authorized sellers and diverting sales from Plaintiff and one or more of Plaintiff's authorized sellers.

**<u>COUNT I</u>**
**TRADEMARK INFRINGEMENT**
**(15 U.S.C. § 1114)**

62. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

63. Defendants are using Plaintiff's registered PREVAGEN® trademark in interstate commerce in connection with Defendants' unlawful sales of nutritional supplement products.

64. Defendants' use of the PREVAGEN® mark is without Plaintiff's consent.

65. Plaintiff has used the PREVAGEN® trademark in connection with dietary supplements since long prior to Defendants' first use thereof.

66. PREVAGEN® is registered on the principal register in the United States Patent and Trademark Office for the same type of goods upon or in connection with which Defendants use the mark.

67. Defendants' use of the PREVAGEN® mark in connection with dietary and nutritional supplements is likely to cause confusion or mistake among consumers, or to deceive consumers as to the source of such goods or as to an affiliation between Plaintiff and Defendants, in violation of 15 U.S.C. § 1114(1).

68. Defendants adopted and uses the PREVAGEN® mark in bad faith and in willful disregard of Plaintiff's rights, with the intent to trade on and appropriate the reputation and goodwill that Plaintiff has built up in those marks and confuse consumers as to the affiliation between Defendants and Plaintiff, and to divert customers and revenue from Plaintiff.

69. Defendants intentionally use the PREVAGEN® mark, knowing that their use of the mark is unlawful, in connection with the sale, offering for sale, or distribution of Defendants' goods.

70. The aforementioned actions and activities of Defendants have caused and will continue to cause damage and irreparable harm and injury to Plaintiff unless and until such time as they are enjoined by this Court.

71. Upon information and belief, Defendants have made or will continue to make substantial profits and/or gains to which they are not in law or equity entitled.

72. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

73. Defendants' continued and knowing use of Plaintiff's PREVAGEN® mark without Plaintiff's consent or authorization constitutes intentional trademark infringement of Plaintiff's federally registered trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114. Based on such conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## COUNT II
## FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION
## (15 U.S.C. § 1125(a)(1)(A))

74. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

75. Plaintiff, as the owner of all common law right, title, and interest in the PREVAGEN® mark, has standing to maintain an action for false designation of origin and unfair competition under section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

76. Defendants' use of the PREVAGEN® mark which is identical or confusingly similar to Quincy's PREVAGEN® mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants with Quincy, or as to the origin, sponsorship, or approval of Defendants' goods, services, or commercial activities by Quincy.

77. Defendants conduct described above violates the Lanham Act, and Defendants have unfairly competed with and injured Plaintiff, and unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, and will cause irreparable injury to Plaintiff's goodwill and reputation associated with the PREVAGEN® mark.

78. Upon information and belief, Defendants intend to continue its infringing acts, unless restrained by this Court.

79. By reason of the foregoing, Plaintiff has been and will continue to be irreparably harmed and damaged. Plaintiff's remedies at law are inadequate to compensate for this harm and damage.

80. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## COUNT III
## FALSE ADVERTISING (LANHAM ACT)
## 15 U.S.C. § 1125(a)(1)(B)

81. Upon information and belief, Amazon.com requires that all of its third party sellers of dietary supplement products sells the products "new" and not used.

82. Third party sellers of dietary supplement products, including Defendants, intend that, and are aware that, Amazon.com lists them as sellers of dietary supplement products in "new" condition.

83. Amazon.com defines "new" condition as "[a] brand-new, unused, unopened item in its original packaging, with all original packaging materials included. Original protective wrapping, if any, is intact. Original manufacturer's warranty, if any, still applies, with warranty details included in the listing comments."

84. Defendants, in committing the unlawful and unauthorized actions of selling products on Amazon.com purporting to be "new" Quincy's PREVAGEN® Regular Strength product and other PREVAGEN® products have made and distributed in interstate commerce and in this District advertising that contains false and misleading statements of fact regarding its products.

85. By selling products purporting to be Quincy's PREVAGEN® Regular Strength product and other PREVAGEN® products, Defendants have misrepresented the nature, characteristics and qualities of Plaintiff's products bearing the PREVAGEN® trademark. By selling Quincy's PREVAGEN® products on Amazon.com, Defendants sell products that do not contain all original manufacturers' warranties, original packaging, or original protective wrapping, and sell dietary supplement products that do not conform to the Amazon.com definition of "new" condition. Thus, Defendants' advertisements contain actual misrepresentations and/or misleading statements.

86. Defendants' act of unlawfully advertising and selling Quincy's PREVAGEN® products on Amazon.com actually deceive, or have a tendency to deceive, a substantial segment of Plaintiff's customers.

87. Defendants' false and deceptive statements are likely to influence purchasing decisions of a substantial segment of Quincy's customers.

88. Defendants' false and misleading advertising statements and omissions also injure the dietary supplement market at large by creating a lack of consumer confidence in the credibility and authenticity of such products.

89. Defendants have caused, and will continue to cause, immediate and irreparable injury to Quincy, including injury to Quincy's business, reputation and goodwill, for which there is no adequate remedy at law. Based on Defendants' wrongful conduct, Plaintiff is entitled to injunctive relief as well as monetary damages, and other remedies provided by sections 1116, 1117, and 1118, including Defendants' profits, treble damages, reasonable attorneys' fees, costs and prejudgment interest.

## COUNT IV
## TORTIOUS INTERFERENCE WITH CONTRACT
### Wisconsin Common Law

90. Plaintiff repeats and re-alleges the foregoing paragraphs as if fully set forth herein.

91. Plaintiff had a contractual relationship with its authorized sellers which would have prohibited their reselling PREVAGEN® brand products to Defendants.

92. Defendants were aware of Plaintiff's contractual relationship with its authorized sellers yet intentionally and improperly acted to disrupt the relationship by purchasing PREVAGEN® from Plaintiff's authorized sellers or their employees.

93. Plaintiff suffered significant monetary harm as a result of Defendants' actions including but not limited to loss of sales and damage to their existing and potential business relationships.

94. Defendants lack privilege or justification for their interference with Plaintiff's existing and potential business relationships.

## COUNT V
## UNJUST ENRICHMENT
### (Wisconsin Common Law)

95. Plaintiff repeats and re-alleges the foregoing paragraphs above as if fully set forth herein.

96. Defendants have knowingly retained the benefit of the commercial value of that PREVAGEN® product once stolen from Plaintiff's authorized sellers and purchased by Defendants at a cost lower than that paid by Plaintiff's authorized sellers to the detriment of Plaintiff.

97. Defendants' acceptance and retention of the revenue from sales of once-stolen PREVAGEN® product violates fundamental principles of justice, equity, and good conscience, and is inequitable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. That Defendants and their agents, servants, employees, and attorneys and those persons in active concert or participation with or controlled by them be preliminarily and permanently enjoined from:

    i. Using the PREVAGEN® mark;

    ii. Using any mark or symbol that may be calculated to represent, or which has the effect of representing, that the services or products of Defendants are sponsored by, authorized by, or in any way associated with Plaintiff;

    iii. Falsely representing that Defendants are associated with or sponsored by Plaintiff or engaging in any act which is likely to cause the trade or purchasing public to believe that Defendants are in any way associated with or sponsored by Plaintiff;

    iv. That Defendants be required to account to Plaintiff for any profits derived by it and for damages sustained by Plaintiff by reason of the acts of trademark infringement, false designation of origin and unfair competition, tortious interference and unjust enrichment complained of herein; and

    v. That Defendants be required to identify the parties which unlawfully supplied Defendants' PREVAGEN® products.

B. That judgment be entered against Defendants for an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for trademark infringement under 15 U.S.C. § 1114;

C. That judgment be entered against Defendants for an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false designation of origin and unfair competition under 15 U.S.C. § 1125(a)(1)(A);

D. That judgment be entered against Defendants for an award of Defendants' profits and Plaintiff's damages in an amount to be proven at trial for false advertising under 15 U.S.C. § 1125(a)(1)(B);

E. That judgment be entered against Defendants for an award of Plaintiff's damages for tortious interference with contractual relations in violation of Wisconsin law;

F. That judgment be entered against Defendants for unjust enrichment in violation of Wisconsin law; and

G. That this Court grant to Plaintiff any further relief deemed just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands a trial by jury in this action under Rule 38 of the Federal Rules of Civil Procedure.

Dated: October 26, 2018.

Respectfully submitted,

By: */s/ Sanjay S. Karnik*
Jonathan J. Krit
Sanjay S. Karnik
AMIN TALATI UPADHYE, LLP
100 S. Wacker Dr., Suite 2000
Chicago, IL 60606
Telephone: (312) 327-3328
Facsimile: (312) 884-7352

*Attorneys for Plaintiff,*
*Quincy Bioscience, LLC*