IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUINCY BIOSCIENCE,

                              Plaintiff,

     v.                                                                     OPINION and ORDER

THACH LE, PHARMACENTRAL,                                18-cv-875-jdp
VINNIE'S VALUABLES, and AMZ HEALTH,

                              Defendants.

---

Plaintiff Quincy Bioscience is suing defendants Thach Le, Pharmacentral, Vinnie's Valuables, and AMZ Health for selling dietary supplements on Amazon.com under Quincy's PREVAGEN trademark, in violation of both federal and state law. Quincy has filed two related motions: (1) a motion for leave to "allow alternative service of process," Dkt. 18; and (2) a motion for an extension of time to serve the complaint, Dkt. 21.

Quincy says that it has attempted personal service of each defendant multiple times, but it has failed to accomplish service on any of them. So it is seeking permission to serve defendants in several alternative ways, including mail, publication, email, and informally through someone it believes is Le's lawyer. Because Quincy has not shown that it acted with reasonable diligence, the court will deny its motion to be excused from personally serving defendants. But the court will grant Quincy's motion for a 45-day extension of time to accomplish service.

ANALYSIS

Under Federal Rule of Civil Procedure 4(e)(1) and (h)(1)(A), the plaintiff may accomplish service on an individual or business entity by following the law of either the forum state or the state where the party will be served. Quincy alleges that all of the defendants are located in other states, but it does not contend that any of those states' service requirements are more permissive than Wisconsin's, so the court will focus on Wisconsin law.

Under Wis. Stat. § 801.11, service is permitted in different ways, depending on the circumstances. For individuals, the plaintiff must first attempt personal service. Wis. Stat. § 801.11(1)(a). If the plaintiff cannot accomplish that through reasonable diligence, it may leave a copy of the summons with a family member or other adult "at the defendant's usual place of abode." Wis. Stat. § 801.11(1)(b). If the plaintiff cannot accomplish *that* through reasonable diligence, it may serve the defendant by publication and by mailing. Wis. Stat. § 801.11(1)(c). For corporations or limited liability companies, the plaintiff must first attempt to personally serve the defendant's "officer, director, or managing agent" or leave the summons "with the person who is apparently in charge of the office." Wis. Stat. § 801.11(5)(a). If the plaintiff cannot accomplish that through reasonable diligence, the plaintiff may perform service through mail and publication. Wis. Stat. § 801.11(5)(b). For partnerships, the plaintiff must serve each partner in any manner permitted under the other provisions in the statute. Wis. Stat. § 801.11(6).

In this case, Quincy says that it has acted with reasonable diligence in trying to personally serve defendants, but it has been unsuccessful, so it seeks permission to accomplish service through mail and publication as well as through email and informally through Le's lawyer. As to Le, Quincy says that it has taken the following steps: hired a hired a private

investigator and searched "people locator" databases to uncover Le's residential addresses in Pennsylvania and Florida, Dkt. 18, ¶ 3; attempted service (through a process server) at the Pennsylvania address eight times between December 5, 2018, and February 20, 2019, Dkt. 19-6, Dkt. 19-8, and Dkt. 19-11; attempted service at the Florida address five times between December 14 and December 17, 2018, Dkt. 19-7; and attempted to serve Le at a court hearing in Davie, Florida, on February 12, 2019, but Le did not appear at the hearing, Dkt. 19-10.

Wisconsin courts have held that making repeated service attempts at a defendant's known residences can qualify as "reasonable diligence" under § 801.11. *E.g.*, *O'Donnell v. Kaye*, 2015 WI App 7, ¶ 6 n.3, 359 Wis. 2d 511, 859 N.W.2d 441; *Welty v. Heggy*, 124 Wis. 2d 318, 325–26, 369 N.W.2d 763 (Ct. App. 1985). But that is not necessarily sufficient as a matter of law. "The guiding principle in these cases is that, when pursuing any leads or information reasonably calculated to make personal service possible, the plaintiff must not stop short of pursuing a viable lead." *Loppnow v. Bielik*, 2010 WI App 66, ¶ 15, 324 Wis. 2d 803, 783 N.W.2d 450 (internal quotations omitted).

The evidence submitted by Quincy shows that it has failed to pursue at least one viable lead. Specifically, the process server who attempted to serve Le at his February 12 court hearing stated in an affidavit that he spoke to the judge who presided over the hearing, who stated that "there will be another hearing" and that "Mr. Tach Le will have to show up" at that hearing. Dkt. 19-10, at 2. Quincy does not allege that it attempted to follow up on that lead and it does not explain why it failed to do so. If the hearing at issue has not yet occurred, Quincy may still be able to serve Le there. And if the hearing has already occurred, Quincy will need to explain why it believes its failure to follow up on the lead qualifies as reasonable diligence. So the court will deny Quincy's motion to be excused from personally serving Le, but will grant its request

3

for an extension of time to accomplish service. If Quincy is unable to accomplish personal service after making additional efforts, it may renew its motion.[1]

Quincy's efforts to serve the business entities were essentially the same as its efforts to serve Le. This is because Quincy says that Le's residences serve as the other defendants' principal places of business. It cites several pieces of evidence to support that belief. *See* Dkt. 19, ¶¶ 5–6. But even if Quincy's belief is correct, and even if Quincy's efforts for serving Le had been adequate, that would not show that Quincy exercised reasonable diligence in serving the other defendants. Quincy does not say what type of business entity the other defendants are, presumably because it does not know. But if the other defendants are corporations or limited liability companies or partnerships, then they should have registered agents to accept service. Quincy doesn't describe any efforts it took to determine either the type of entity that the defendants are or the identity of their registered agents.

It may be that Quincy did not investigate this issue because it believes that Pharmacentral, Vinnie's Valuables, and AMZ Health are simply names under which Le does business. But if that is true, then Quincy should not have sued those business separately and they should be dismissed from the case. *See York Group, Inc. v. Wuxi Taihu Tractor Co., Ltd.*, 632 F.3d 399, 403–04 (7th Cir. 2011). Either way, Quincy hasn't shown that it is entitled to serve these entities by mail and publication.

---

[1] If Quincy renews its motion, it should also explain why it did not direct the process server to leave the summons with the person who answered the door of Le's Pennsylvania residence on January 24 and identified himself as Le's tenant. Dkt. 19-8. Under § 801.11(1)(b)1m, if personal service cannot be made on the defendant, the plaintiff may "leav[e] a copy of the summons at the defendant's usual place of abode . . . [i]n the presence of a competent adult, currently residing in the abode of the defendant."

So the court will deny Quincy's motion to excuse the requirement to serve Pharmacentral, Vinnie's Valuables, and AMZ Health personally but grant the motion to give Quincy more time to accomplish service. Quincy must either attempt to serve these defendants' registered agents, explain why it cannot do so, or dismiss them from the case as nonlegal entities.

One final point. In its request to accomplish service by publication, Quincy does not say *where* it wishes to publish notice. It says only that it will comply with the "appropriate procedural requirements under state law in the newspapers of appropriate geographic circulation scope." Dkt. 18, at 5–6. If Quincy renews its motion, it should provide a more specific proposal so that the court can determine whether it is adequate. *See* Wis. Stat. § 801.11(1)(c) (describing publication requirements).

ORDER

IT IS ORDERED that:

1. Plaintiff Quincy Bioscience, LLC's "motion for leave to allow alternative service under State Law," Dkt. 18, is DENIED without prejudice.

2. Quincy's motion for a 45-day extension to accomplish service, Dkt. 21, is GRANTED.

Entered March 5, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge